THE HOWLEY LAW FIRM P.C.
350 FIFTH AVENUE, 59TH FLOOR
NEW YORK, NEW YORK 10118
(212) 601-2728
FAX: (347) 603-1328

WWW.HOWLEYLAWFIRM.COM

June 11, 2018

The Honorable Debra Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:  *Leon, et al. v. Kukaj, et al.*, 1:17 Civ. 06167 (DF)

Dear Judge Freeman:

  I write on behalf of plaintiffs Melesio Leon, Luis A. Asitimbay, and Nestor Macancela to move for the Court's approval of the enclosed Settlement Agreement and Release resolving all claims for unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in the above-captioned action.  All defendants and their attorney join in this motion.

 I. Procedural History and Factual Background

  On August 15, 2017, plaintiffs filed the complaint in this action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  [ECF Doc. No. 1].  Defendants filed an answer to the complaint on November 21, 2017.  [ECF Doc. No. 24].

  Plaintiffs worked as non-exempt waiters and servers at restaurants owned or managed by the defendants in Manhattan.  They allege that the defendants failed to pay them for all hours worked, failed to pay the appropriate minimum wage rate, and failed to pay the appropriate overtime wage rate.  Plaintiff Melesio Leon also alleges that he was terminated by the defendants in retaliation for complaining about wage and hour violations.

  Defendants dispute each of these claims and the factual allegations on which they are based.

  On February 14, 2018, Judge Ramos entered a stipulated Order granting conditional certification of a collective action under the FLSA, directing the defendants to provide plaintiffs' attorneys with the names and addresses of all waiters and servers at the restaurants at issue, and directing plaintiffs' attorneys to provide a Court-approved notice to potential opt-in plaintiffs. [ECF Doc. 16].   Counsel for plaintiffs sent the Court-approved notice to all waiters and servers

identified by the defendants. During the opt-in period, no individuals chose to join the proposed collective action.

On May 8, 2018, the parties and their attorneys engaged in mediation through the Southern District's mediation program. The mediator, Julian Birnbaum, facilitated the settlement that is memorialized in the enclosed settlement agreement.

II. Terms and Conditions of the Settlement Agreement and Release

As set forth in the attached Settlement Agreement and Release ("the Agreement"), the defendants will pay plaintiffs $56,000.00 (the "settlement payment") in exchange for a release of all claims alleged in the complaint. The settlement payment will be allocated as follows: $20,000.00 to plaintiff Melesio Leon; $15,000.00 to plaintiff Luis A. Asitimbay; $8,000.00 to plaintiff Nestor Macancela; and $12,000.00 to plaintiff's attorney for attorneys' fees, costs, and disbursements.

The allocation among the plaintiffs is based on the number of hours each plaintiff worked at the defendants' restaurants, with an additional $5,000.00 allocated to plaintiff Melesio Leon as compensation for his claim that he was wrongfully terminated in retaliation for complaining about wage and hour violations. The nature and extent of time records produced by the plaintiffs and the defendants were disclosed to the mediator in pre-mediation statements and discussed extensively with him during the mediation session.

The mediator explained the terms and conditions of settlement to the parties during the mediation. The parties have also discussed the terms and conditions of settlement with their respective attorneys. The parties fully understand the terms and conditions of the Agreement, including the release of claims.

Before the complaint was filed, each of the plaintiffs executed an engagement letter stating that plaintiffs' attorney is entitled to a fee equal to one-third of the amount recovered after reimbursement of out-of-pocket costs and disbursements advanced by counsel. The costs and disbursements advanced by counsel amount to $878.28 for filing fees, process service, photocopying, and postage. A one-third attorneys' fee after deducting costs and disbursements would be $18,373.91. The $12,000.00 allocated for attorneys' fees, costs, and disbursements amounts to 21% of the settlement payment.

The amount allocated to attorneys' fees, costs, and disbursements is reasonable based on the experience of plaintiff's attorney and the amount of time he worked on this lawsuit. Plaintiff's attorney has represented clients in labor and employment litigation for 28 years, including for 17 years at Kaye Scholer LLP (now merged with Arnold & Porter). In this action, he met with the plaintiffs and analyzed their time records, payroll records, and communications with the defendants, drafted the complaint, negotiated and drafted a case management plan, prepared and served document requests, interrogatories, and deposition notices, analyzed the defendants' records, calculated plaintiffs' potential damages, drafted a motion for conditional certification of a collective action, negotiated and drafted a stipulation to resolve that motion, engaged in direct settlement negotiations with defendants' attorneys, researched and drafted a

pre-mediation statement, prepared the plaintiffs for mediation, represented the plaintiffs at the mediation session, drafted the settlement agreement and this letter motion, and appeared in court for three court conferences.

    III.    The Settlement Agreement and Release is Fair and Reasonable

"In determining whether to approve a proposed FLSA settlement, relevant factors include '(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.'" *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 LAK, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014).

In this case, there are bona fide disputes over the number of hours worked by each plaintiff. The primary restaurant at issue had just opened when plaintiffs started working there. As a result, the operating hours and time record procedures were not as regular as one would expect at a more established business. Both sides rely on time records and evidence of hours of operation that would be subject to challenge at trial. Both sides face the risk that the other side's records would be credited by the jury. The agreed upon settlement allows the parties to avoid this risk, as well as the burdens and expenses of continued litigation. Where, as here, "the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (internal citations omitted).

The proposed Agreement is the product of arm's-length negotiations between the parties, with the assistance of their attorneys and an experienced employment mediator appointed by the Southern District's mediation program. Under these circumstances, there is no reason to suspect any fraud or collusion.

### Conclusion

For the reasons set forth above, the parties respectfully request that Your Honor grant this motion, approve the parties' settlement agreement, and dismiss this case with prejudice. A proposed Order is provided herewith for the Court's consideration.

                              Respectfully submitted,

                              John Howley