```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELESION LEON, LUIS A. ASITIMBAY, and
NESTOR L. MACANCELA,

                              Plaintiffs,

-against-

BESIM KUKAJ d/b/a BKUK GROUP, BKUK 10
CORP. d/b/a Cara Mia 2, ZUCCA TRATTORIA
INC. d/b/a Taqueria Mez-A and Gallo Nero, PIO
RESTAURANT LLC d/b/a Luna Piena, and
BKUK 7 CORP. d/b/a El Gallo de Oro,

                              Defendants.

17cv06167 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

        In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, and having then revised their settlement agreement slightly after a conference with this Court, have placed their revised agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a joint letter (Dkt. 45), explaining why they believe their initial settlement agreement was fair, reasonable, and adequate, and a follow-up letter (Dkt. 47), explaining the revisions that they then made to the agreement. This Court has reviewed all of the parties' submissions in order to determine whether the revised proposed agreement, which has now been executed by the parties, represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letters, the terms of the revised proposed settlement agreement, the fact that the settlement was

facilitated by a neutral mediator, and this Court's familiarity with the issues raised in the case, it is hereby ORDERED that:

1. The Court finds that the terms of the revised proposed settlement agreement filed at Dkt. 47-1 (the "Settlement Agreement") are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the Settlement Agreement is therefore approved.

2. The Court notes that this Order does not incorporate the terms of the Settlement Agreement. Further, the Settlement Agreement does not recite that this Court will retain jurisdiction to enforce its terms, and this Court has made no independent determination to retain jurisdiction. Accordingly, nothing in this Court's approval of the Settlement Agreement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15cv1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

3.      As a result of the Court's approval of the parties' executed Settlement Agreement, this action is hereby discontinued with prejudice and without costs or fees to any party. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
      July 23, 2018

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

All counsel (via ECF)